DICKINSON, Presiding Justice,
specially concurring:
¶ 24. The Commission on Judicial Performance recommended that the sanctions *571 against Judge Darby include prohibiting her from holding any future judicial office. In explaining why the prohibition is not included in the sanctions we order today, we pointed out that neither this Court nor the Commission on Judicial Performance has the authority to impose a sanction that prohibits a person from seeking and holding a judicial office in the future.
¶ 25. In my view, no more need be said on the matter for purposes of adjudicating this case. But the Commission requested that we gratuitously note that the Legislature has provided that a removed judge is “ineligible for judicial office.” See Miss. Code Ann. § 9-19-17 (Rev.2002). The majority complied with the request by including footnote seven.
¶ 26. While I believe citing the statute is unnecessary because it is unrelated to the case before us, I do not conclude that anything stated in footnote seven is inaccurate, so I have joined the majority in full. But I also believe that including the statute’s citation in our opinion — without any analysis or comment — could be misleading; so I write this special concurrence to point out that including the statute’s citation at the Commission’s request in no way adjudicates the constitutionality of the statute, nor does it address whether the Legislature has any authority to disqualify or prohibit a person who meets constitutional qualifications for a judicial office from running for that office. That issue has never been raised or decided in any case in this state, including the one before us today.
KITCHENS AND COLEMAN, JJ., JOIN THIS OPINION.